(76 Misc. Rep. 571.)

## AMERICAN BILL POSTING CO. v. GEIGER.

(Supreme Court, Appellate Term, Second Department. May, 1912.)

EVIDENCE (§ 444*)—PAROL EVIDENCE—WRITTEN LEASE.

In an action for breach of a written lease of the roof of a building for advertising purposes, parol evidence that the lease was delivered on condition that it was not to become effective if a tenant in possession had a lease covering the same period was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1929–1944, 2049; Dec. Dig. § 444.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by the American Bill Posting Company against William Geiger. From a judgment for breach of a lease of the roof of certain premises for advertising purposes, defendant appeals. Affirmed.

Argued before KELLY, JAYCOX, and CLARK, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Alexander & Keenan, for appellant.
Hirsh & Newman, for respondent.

PER CURIAM.   The serious question on this appeal is whether the learned justice below erred in excluding evidence of an oral agreement that the written lease or agreement was delivered conditionally. The defendant delivered the instrument to the plaintiff in June, 1910, which by its terms leased to plaintiff the roof of a building for one year from March 1, 1911, with a right to the tenant to renew for a like period of time on the same terms and conditions.   The rental was $200 per year, and the rent for the first year was paid to the landlord, the defendant here, at the date of the execution and delivery of the instrument.   The defendant retained the money, but two or three days before the commencement of the term in March, 1911, he notified the plaintiff that he could not deliver possession, because another tenant was in possession under a lease antedating that made to the plaintiff. On the trial the defendant sought to prove an oral agreement with the representatives of the plaintiff that the lease or agreement was delivered conditionally, not to become effective if a tenant then in possession of the premises had a lease for the year from March 1, 1911, to March 1, 1912, a fact which the defendant landlord professed to be ignorant of at the time the writing was delivered.   This evidence was excluded by the justice.

While the old rules excluding oral evidence to vary a written instrument have been greatly relaxed (McCreery v. Day, 119 N. Y. 1, 23 N. E. 198, 6 L. R. A. 503, 16 Am. St. Rep. 793), the doctrine that agreements or deeds or instruments conveying an interest in real estate when once delivered cannot be avoided by oral agreements that the delivery was conditional, appears to be firmly established (Blewitt v. Boorum, 142 N. Y. 357, 37 N. E. 119, 40 Am. St. Rep. 600).   While it may be as was said by Judge Bronson in Gilbert v. North American Fire Ins. Co., 23 Wend. 43, 35 Am. Dec. 543, that the doctrine prevents the law from giving effect to the honest intention of the parties, the reason appears to be that the avoidance of duly delivered written instruments conveying interest in lands by parol would be to render titles to real estate insecure, and this class of instruments is excepted from the relaxed rule.

The award of damages appears to be reasonable.   Judgment affirmed, with costs.