The City of New York, Appellant, *v.* Clarence W. Warner, Respondent.

Supreme Court, Appellate Term, First Department, November Term — Filed December, 1922.

**Evidence — when terms of lease may not be varied by parol — verdict set aside.**

The defense pleaded in an action to recover rent under a lease in writing was that the defendant was to become liable for rent when the tenant in possession of a certain part of the premises at the execution of the lease had been dispossessed or otherwise removed from the premises by plaintiff and the defendant put into full and complete possession thereof, and not before. Said tenant was removed about February 1, 1921. On the trial defendant was permitted to give evidence as to an oral understanding with plaintiff's representative, to the effect, in one instance. that the rent was not to begin until the other occupant was removed, and in another that the lease was not to become effective until that event. *Held*, as a matter of law, that the evidence was incompetent and should have been excluded.

A judgment entered on a verdict which limited the recovery in plaintiff's favor to rent beginning on the date the other tenant was removed, will be reversed and a new trial ordered.

Appeal by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district, in favor of plaintiff in the sum of $195, after a trial by a judge and a jury.

*John P. O'Brien*, corporation counsel (*John F. O'Brien, Henry J. Shields* and *Samuel Plumer*, of counsel), for appellant.

*Thomas J. Crawford*, for respondent.

*Per Curiam.* The plaintiff city sues for rent reserved under a permit or lease dated October 11, 1920, for the period from that date to April 30, 1921. The defense was that "It was expressly agreed by and between the plaintiff and the defendant that the plaintiff would dispossess or otherwise remove a certain tenant in

possession of a part of said premises at the time of the execution of the said permit, and that said permit was to take effect and that the defendant was to become liable thereunder for rent when the aforesaid tenant had been dispossessed or otherwise removed from the premises by the plaintiff and the defendant put into full and complete possession of the entire premises and not before."

It seems that the other occupant of the premises was removed about February 1, 1921, and the verdict limits the rent awarded the plaintiff to the period beginning on that date. The lease was in writing. Defendant was permitted to give evidence as to an oral understanding with the plaintiff's representative to the effect, as he phrases it, in one instance, that *the rent* was not to begin until the other occupant was removed, and in another that *the lease* was not to become effective until that event.

I shall not discuss the weight of evidence as affected by the manner in which this testimony was given because I think that as matter of law it was incompetent and should have been excluded. While it was undoubtedly in the minds of counsel that parol testimony is competent to prove the condition upon which alone a written agreement shall become effective (See *Jamestown Business College Assn.* v. *Allen*, 172 N. Y. 291), the rule is manifestly inapplicable to the kind of agreement involved in the instant case. Here was an express contract that an agreement should become operative on a certain date and that rent should be paid from that time. If the meaning of the testimony was merely that the rent although accruing from the date fixed in the lease should not become payable until the happening of the event, it would be quite useless as a defense since the condition has occurred, and all the rent is, therefore, due. If, on the other hand, the testimony is to be interpreted, as contended by tenant, respondent, to the effect that the lease should not become effective until the other occupant was removed, the oral understanding would be in direct contradiction of the express terms of the instrument which provide that it shall be effective and rent due thereunder from and after a fixed date.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, GUY, BIJUR and DELEHANTY, JJ.

Judgment reversed.