[Civ. No. 293. Fourth Appellate District.—May 12, 1930.]

ROLLINS L. DEE, Respondent, v. THE J. C. FORKNER FIG GARDENS, INCORPORATED (a Corporation), Appellant.

Cosgrave & Barstow for Appellant.

Thomas F. Lopez for Respondent.

OWEN, J., *pro tem.*—The plaintiff and the defendant executed the following instrument:

"Original No. 4182.

"$20,000.00                          Date May 26, 1923.

"Received of Rollins L. Dee, Five Hundred and No/100 Dollars to apply on purchase price of lots 141–142–143–144–Sec. 5, Bullards Lands Irrigated, Fresno County, Calif., price $20,000.00; Terms $500 cash—$1500 fifteen days—balance 7 equal annual installments beginning in 3 years from Nov. 1st, 1923—7% semi-ann. int.—Refund guarantee in 3 years at 7% all moneys paid in less moneys taken out subject to prior sale.

"THE J. C. FORKNER FIG GARDENS, INCORPORATED.

"By J. C. FORKNER.

"I agree to the above.

"ROLLINS L. DEE.

"Address 2126 Highland Ave., Los Angeles, Cal.

"(If not approved this money to be immediately refunded to purchaser.)"

The plaintiff paid the $2,000 as provided in the instrument. On April 1, 1926, he notified the defendant in writing that at the expiration of three years from the date of the agreement he would make formal demand for the return of the $2,000, together with interest at the rate of seven per cent from May 26, 1923. On November 22, 1926, he made the demand.

Within proper time after the demand was made the plaintiff instituted this action, his complaint containing three counts: First, for money had and received; second, the failure of negotiations between the parties leading up to the

execution of a written contract for the sale and purchase of the premises involved, and a demand for the return of the money paid in under the terms of the written memorandum heretofore set forth, and third, for a refund of the $2,000 and interest thereon under the option contained in the memorandum.

The answer contains a general denial of the allegations of the first cause of action; second, that the instrument set forth is an incomplete writing, and expresses only a part of a complete agreement between the parties as to the terms and conditions of the sale, which said complete agreement was never executed by the plaintiff; third, that the instrument set forth was merely a receipt and did not contain the terms and conditions of the contract; that the plaintiff had agreed to execute a form agreement in use by defendant which fully and in detail set forth all of the matters under consideration.

During the time which elapsed between the making of the agreement herein set forth and the date plaintiff gave his notice of intention to claim the money paid in the defendant tendered to plaintiff for execution, two extended form agreements, essentially different from the one executed and from each other. After several interviews between the parties and the exchange of some correspondence, the plaintiff declined to sign either of the two contracts. In fact, there is no proof that he ever agreed to the terms and conditions of either, but did make specific objection, by letter, that the contracts so tendered did not comply with his original contract.

The trial court gave the plaintiff judgment in the sum of $2,853.14, being the $2,000 paid in, with interest.

The defendant appeals and relies upon the following three propositions for a reversal of the judgment:

(1) That the receipt admitted in evidence was an incomplete agreement and was subject to explanation and variation by parol evidence;

(2) That the finding of the untruth of the denial in defendant's answer as to plaintiff's obligation to pay interest is contrary to the uncontradicted evidence;

(3) That plaintiff was required to pay interest and there is no pleading or finding that defendant excused payment thereof.

It may be remarked in passing that while the plaintiff claims that the memorandum set forth does not fully, and the defendant claims that it does not correctly, express their intentions, neither party is seeking a reformation of the contract in equity under the provisions of sections 3399 and 3402 of the Civil Code.

I. The memorandum heretofore set out fully is treated by the defense as only a receipt. It cannot be gainsaid, however, that the document, although abbreviated, has all of the elements of a complete contract, and is neither ambiguous nor uncertain. A careful search of the record does not show that the plaintiff ever agreed to the two contracts submitted to him by the defendant and marked exhibits 2 and 3. These contracts were apparently printed forms used by defendant, containing a multiplicity of covenants and agreements. No testimony was adduced by either party showing the execution of both or either of them; but as a matter of fact the testimony of both Dee and Forkner shows that the plaintiff Dee made specific objection to their terms. These exhibits were admitted in evidence and exhibit 2 contains the terms, covenants and agreements which defendant claims were omitted from exhibit 1 heretofore set forth. While the plaintiff in the beginning of the trial attempted to introduce the conversation leading up to the execution of exhibit 1, the so-called receipt, and the trial court of his own volition held that the memorandum could not be evaded unless there was an allegation of mistake or inadvertence, the fact remains from a close reading of the transcript that no other attempt was made to change or vary the terms of the memorandum by parol evidence. The defendant at no time made an offer to introduce such parol evidence. If the document were subject to explanation and variation he should have preserved his rights by a full and explicit offer to the court, or at least asked his chief witness such a question as would have called from the court such a ruling as would have permitted him to take

advantage of it on appeal. The trial judge had exhibit 2 before him and it is presumed that he decided that its terms had never been assented to by plaintiff orally or otherwise. We find no fault with the trial court's decision as set forth in point No. 1 in defendant's brief.

II. The second and third points raised by defendant as cause for reversal are that the finding of untruth of defendant's answer that plaintiff was obligated to pay interest was contrary to the evidence, and that there was no pleading or finding that defendant excused such payment.

Defendant strenuously urges that the court erred in finding generally the allegations of the answer to be untrue, especially plaintiff's obligation to pay interest. It must be admitted that the testimony shows plaintiff Dee's obligation to pay interest, and that the memorandum executed by the parties so provides. However, counsel for defendant sets up the question of interest, and plaintiff's failure to pay it, in that count of his answer wherein he seeks to establish exhibit 2 as the contract between the parties; and the promise to pay interest relied on by him is provided under the terms and obligations of that contract which the court found, and rightly so, had never been executed or agreed to by the parties. The allegation of failure to pay interest provided in the agreement, as well as allegations of failure to meet other covenants of the agreement, when the agreement was never executed according to the testimony of defendant's own witnesses, may hardly be used in a technical discussion of the court's failure to pass upon the question not otherwise alleged or denied.

However, exhibit 1 shows, and plaintiff admits, he was obligated to pay interest. But both the plaintiff and the president of the defendant corporation testified explicitly that the interest requirements had been waived; nor was there any testimony or showing that the defendant had ever made a demand for interest or furnished any statement of the amount of interest due.

In any event, under the terms of the memorandum (exhibit 1), if the plaintiff had paid interest during the three years he would have been entitled to its return after giving

his notice. It therefore became more or less of a moot question when the court had decided that exhibit 1 was a valid contract.

The judgment is affirmed.

Barnard, Acting P. J., and Marks, J., concurred.