[Civ. No. 8167. Second Appellate District, Division Two.—February 21, 1934.]

MILTON WEINBERG, Appellant, v. JOHN A. VAUGHAN CORPORATION (a Corporation), Respondent.

Charles A. Bank for Appellant.

Kemp, Partridge & Kemp for Respondent.

CRAIG, J.—In an action for an alleged balance remaining unpaid upon a contract price of printing, judgment in favor of defendant was rendered by the court without a jury. A motion to vacate said judgment was denied. The plaintiff appealed from the judgment and ruling last mentioned.

The parties having entered into a contract in writing for certain weekly advertising, through a purported agent of the respondent, and the same having been fully performed, suit was commenced for the amount claimed to be due thereon. Thereafter a motion for a new trial was granted. An action instituted in the municipal court against said agent for the same amount, upon a complaint wherein it was alleged that the defendant was an agent and officer of said corporation defendant in the superior court action, but did not have the right or authority to make said contract for his pretended principal, later resulted in a judgment in favor of the plaintiff. Subsequently thereto, in the instant case for the same obligation and upon the original contract, upon calling the same for a new trial the defendant corporation was permitted to file a supplemental answer in which it alleged all of the foregoing proceedings. The trial court has rendered findings of fact and conclusions of law in favor of the defendant, reciting that the plaintiff elected to hold said agent Richard Coburn and prosecuted his action to final judgment in the municipal court; "That plaintiff herein is estopped by his election to hold the said Richard Coburn . . . by his action in prosecuting the said claim to judgment . . . from prosecuting this action against the defendant herein upon the same claim," and that "plaintiff should take nothing by his complaint herein".

It is first contended that it was error to permit the defendant to file said supplemental answer and to introduce evidence thereon, interposing a defense of "estoppel by election". While, as the appellant assumes, estoppel is not favored (*Murphy* v. *Clayton,* 113 Cal. 153 [45 Pac. 267]),

the rule only applies where the party against whom it is sought to be invoked did not know of nor acquiesce in the facts developed. (*Weintraub* v. *Weingart,* 98 Cal. App. 690 [277 Pac. 752].) ■ It is ordinarily within the sound discretion of the trial court to permit amendments setting up additional defenses (*Harney* v. *Corcoran,* 60 Cal. 314; *Gould* v. *Stafford,* 101 Cal. 32 [35 Pac. 429]), during trial (*Hagar* v. *Home Stores,* 85 Cal. App. 533 [259 Pac. 1007]; *Tolbard* v. *Cline,* 180 Cal. 240 [180 Pac. 610]). The mere fact that application for leave to file the same be not made until there has been one trial of the cause does not demand its refusal. (*Goldstein* v. *Chicago City R. Co.,* 286 Ill. 297 [121 N. E. 726].)

■ Since it is insisted that upon the first trial in the superior court the plaintiff was kept in ignorance of Coburn's agency and that in fact the judgment was then based upon nonagency, from this it is argued that he could not be estopped herein upon the second trial by election to proceed against Coburn personally. There is no contention that the plaintiff failed to recover in the municipal court against Coburn for the precise obligation upon which he was denied relief in the superior court upon evidence which he admits tended to disclose nonagency. The pleadings, evidence and findings of the trial court in this action expressly state that in said municipal court action nonagency was pleaded and proved. It must therefore be presumed that the defendant corporation was not obligated by the alleged contract, and that omission of the allegation of proof thereof would have resulted in a miscarriage of justice rendering possible a recovery against one not indebted to the plaintiff. It is admitted that the action which succeeded "was a recovery for breach of warranty of authority, under code provisions entitling one to recover as damages (and not as a contract liability) such amount as would compensate him for the fact that an alleged contract might not be enforcible against the supposed principal. Indeed, were it not for the existence of the code section specifically authorizing recovery against the agent, it is doubtful if there would otherwise exist any right of recovery whatever." It is unnecessary to enter upon a discussion of the technical application of the term "election," since the appellant is shown conclusively to have determined after trial of the present suit as

to liability of Coburn for the amount demanded and to have recovered a judgment upon a claim for which there would otherwise have existed no right of recovery. The contention that an unsatisfied judgment against an agent will not bar an action against an undiscovered principal when discovered, if the plaintiff was ignorant of the fact as to agency, has no place here, and other questions presented do not require further disposition.

The judgment and order denying motion to vacate the same are affirmed.

Stephens, P. J., and Archbald, J., *pro tem.*, concurred.