GRAY *v.* JONES.

4-3749

Opinion delivered March 4, 1935.

*Harry T. Wooldridge,* for appellant.

HUMPHREYS, J. This is an unlawful detainer suit instituted by appellees against appellant in the circuit court of Jefferson County to recover possession of a house located on the sw¼ ne¼, section 2, township 5 south, range 9 west, in said county. M. L. Jones is the owner of the land and house, and A. W. Lowe had been Jones' tenant under oral contract. On January 3, 1934, M. L. Jones leased the house situated on said land to appellant for a period of one year for $3 per month, payable on the first day of January and the first of each month thereafter. The lease was in writing and contained a provision that, in the event appellant should fail to pay the rent promptly as it became due, the lease should forfeit and Jones might enter upon, and take possession of the premises. On the same day the lease was executed and delivered to appellant by M. L. Jones, appellant paid him $7 rent for the month of January, February, and one-third of March and received a written receipt, as follows: "January 3, 1934. Received of Will Gray, ($7) seven dollars. For payment on rent. M. L. Jones."

The written lease contained no condition of any kind. Appellant entered into the possession of the property and tendered the rent for the balance of the month of March when it became due, which was refused by Jones, who said that he was not interested and ordered appellant to vacate the premises.

It was alleged in the complaint that appellant unlawfully entered into possession of the premises on December 1, 1933, without authority or permission of appellees, and was remaining in the unlawful possession thereof; that M. L. Jones was the owner thereof and A. W. Lowe his tenant, and that they were entitled to the immediate possession thereof; that they served written notice on appellant to quit and surrender possession thereof to them on or before January 31, 1934, which he refused to do. A cross bond was given by appellant to retain possession of the property.

Appellant subsequently filed an answer admitting that M. L. Jones was the owner of the property, but denying every other material allegation in the complaint,

stating that he entered into possession thereof under written lease and receipt for the rent, and prayed for a dismissal of the complaint.

The trial of the cause resulted in a verdict and judgment in favor of appellees for the possession of the property, from which is this appeal.

In the course of the trial, appellees were permitted to prove, over the objection and exception of appellant, that, at the time of the delivery of the lease and receipt of the rent, it was agreed between M. L. Jones and appellant that the lease should not become effective until it was approved by A. W. Lowe. The evidence was in dispute as to whether such an oral agreement was made, and the cause was submitted to the jury by the court upon that issue over appellant's objection and exception. Appellant requested an instructed verdict upon the theory that under the law, testimony was not admissible to contradict the terms of the written lease, which was refused by the court over appellant's objection and exception.

Appellant contends for a reversal of the judgment on the ground that the court erred in admitting such testimony. He is correct in this contention. The execution and delivery of the written lease by Jones, the owner of the property, to appellant containing no such condition was unambiguous and complete in its terms. This court said in the case of *American Sales Book Co.* v. *Whittaker,* 100 Ark. 361, 140 S. W. 132, that: "It is a well settled rule of evidence that where a written contract is made, unambiguous and complete in its terms, parol evidence is not admissible to contradict, vary or add to any of its terms. *Dalhoff Construction Co.* v. *Maurice,* 86 Ark. 162, 110 S. W. 218; *Boston Store* v. *Schleuter,* 88 Ark. 213, 114 S. W. 242; *Bradley Gin Co.* v. *J. L. Means Mach. Co.,* 94 Ark. 130, 126 S. W. 81; *Cox* v. *Smith,* 99 Ark. 218, 138 S. W. 978."

In the Whitaker case, *supra,* citing *Cox* v. *Smith,* 99 Ark. 218, 138 S. W. 978, this court said: "A written contract, actually entered into, which is unconditional in its terms, cannot be varied by parol testimony which tends to add a condition as one of the terms of the contract."

506

The rule was reiterated in the cases of *Abbott* v. *Kennedy*, 133 Ark. 106, 201 S. W. 830, and *Richardson* v. *Merchants' & Planters' Bank*, 188 Ark. 1104, 69 S. W. (2d) 396.

On account of the error pointed out, the judgment is reversed, and the cause is remanded for a new trial.