[Civ. No. 2272. Fourth Appellate District.—April 27, 1939.]

In the Matter of the Estate of ROBERT HEIN, Deceased. MINNIE HEIN, Appellant, v. ROBERT E. HEIN, Executor, etc., Respondent.

Siemon & Claflin for Appellant.

H. E. Schmidt and J. K. Lilly for Respondent.

GRIFFIN, J.—Minnie Hein, legatee and appellant, filed a petition in the above-entitled estate representing that she was the widow of the deceased, and under his will, dated May 11, 1922, duly admitted to probate on May 27, 1929, she was entitled to receive $2,500; that Robert E. Hein, son of the deceased, was appointed executor of the will, and letters testamentary were issued to him on May 27, 1929; that petitioner received from the executor on September 1, 1934, the sum of $400 in part payment of her legacy; that on September 4, 1936, she received the balance of the principal sum, to wit, $2,100, but alleges that she has not received any interest on said sums; that on November 23, 1937, the executor made his first and final account and filed a petition for distribution. Petitioner prayed that the court make its order requiring the executor to pay to petitioner interest on the legacy in accordance with section 162 of the Probate Code, i. e., "Legacies are due and deliverable one year after the testator's death, and bear interest from that time, except that legacies for maintenance, or to the testator's widow, bear interest from the testator's death. . . . " Appellant appeared, filed her exceptions and objections to the first and final account and to the petition for distribution on the ground that the account made no provision for payment to the widow of interest on the legacy. The first and final account, peti-

tion for distribution, petition for payment of interest on legacy, and exceptions thereto came on regularly for hearing on December 6, 1937. The following proceedings were then had. No testimony was introduced or proceedings had relative to the payment of the legacy to Minnie Hein, except as hereinafter expressly stated and set forth. Robert E. Hein testified that he had two agreements with Minnie Hein in connection with the payment of her legacy, both executed November 15, 1933, reading as follows:

"Chicago, Illinois.
"November 15, 1933.

"To Robert E. Hein, Executor of the Last will and testament of Robert Hein, deceased:

"The undersigned, Minnie Hein, widow of Robert Hein, deceased, hereby proposes to accept the legacy of $2500.00 bequeathed to her by the decedent's last will and testament *in full settlement of all claims or rights of the undersigned in connection with the estate of her said deceased husband* providing that her claim or right as a widow to a family allowance *or any other statutory claim* which she as such widow may have against said estate will be compromised, waived, and released upon the payment to her of the sum of $300.00 and you are authorized to present the petition or motion to the court having jurisdiction of said estate for authority to compromise undersigned's statutory claim as aforesaid for the said sum of $300.00. (Italics ours.)

"(Signed) MINNIE HEIN.

"The undersigned Robert E. Hein, executor of said estate, agrees to the terms of the foregoing instrument subject, however, to the approval of the court having jurisdiction of said estate.

"ROBERT E. HEIN."

This agreement was introduced in evidence as exhibit No. 1.
"Exhibit No. 2.

"Chicago, Illinois.
"November 15, 1933.

"To Robert E. Hein, Executor of the Last Will and Testament of Robert Hein, deceased:

"The undersigned, Minnie Hein, widow of Robert Hein, deceased, and legatee under said decedent's last will and testament dated May 11, 1922, heretofore admitted to probate in the court having jurisdiction of estates of decedents in the County of Kern, State of California, hereby makes the fol-

lowing proposal for the settlement of the bequest of $2500.00 granted her under the second paragraph of said decedent's will. The undersigned will accept the sum of $2500.00 payable $1000.00 within thirty days from the date hereof, the balance of $1500.00 to be payable as soon as you, as executor of said estate, may conveniently and without greatly sacrificing assets of said estate realize moneys out of which to pay said balance provided, however, that said balance shall be paid not later than one year from the date hereof.

"MINNIE HEIN.

"The undersigned Robert E. Hein, executor of said estate, agrees to the terms of the foregoing instrument, subject, however, to the approval of the court having jurisdiction of said estate.

"ROBERT E. HEIN."

Robert E. Hein testified as follows:

"It was orally agreed in Chicago, Illinois, with Minnie Hein, that should I carry out the terms of Exhibit No. 1, I was to pay her attorneys, personally from my own individual account and not from the funds of the Estate of Robert Hein, all legal fees which she had incurred in the preparation and the filing of a petition for family allowance. While I was in Chicago, and during the making of the agreements, I ascertained from the attorney she had employed in Chicago that his charges to Minnie Hein were $125.00, and upon my arrival at Bakersfield, California, I ascertained from Brittan & Mack that their charges against Minnie Hein were $150.00. Thereupon, the petition for application for family allowance which had been filed in October, 1933, was presented to the court, at which time I explained to the court my understanding with Minnie Hein. Thereupon, the Court ordered the payment of $300.00 family allowance. While I was in Chicago, Illinois, I paid out of my own personal funds the sum of $125.00 to the attorney of Mrs. Minnie Hein in Chicago, Illinois. I also out of my own personal funds, immediately paid Brittan & Mack, for services rendered Mrs. Minnie Hein, the sum of $150.00, and I immediately paid and forwarded out of the funds of the estate the sum of $300.00 to Minnie Hein. *It was our understanding in Chicago that she was to receive $2500.00 and no more* (italics ours) and I was to pay the expenses she had incurred with the petition for family allowance, out of my own personal funds.

"In September, 1934, I paid out of the funds of the estate to Mrs. Minnie Hein $350.00. In April, 1935, I received from Mrs. Minnie Hein a letter asking for the balance of $2150.00. No interest was requested in said letter. The estate did not have sufficient funds to meet the balance due. There was certain real property in the estate which had been offered for sale and no prospective buyers made any offers.

"In addition to the $350.00, I later sent her $50.00 from the funds of said estate.

"In June, 1936, I was able to dispose of sufficient real property to take care of the balance due Minnie Hein, and in August of 1936, I issued a check payable to the order of Siemon & Claflin, attorneys for Mrs. Hein, in the sum of $2100.00, and wrote on the back of the check the following words:

" 'Acknowledged payment of Specific Legacy mentioned in the last will of Robert Hein, deceased, $400.00 having been previously paid making total of $2500.00'.

"The check and endorsement introduced in evidence is in words and figures as follows:

" ' . . . Bakersfield, Cal. 8–1–36. Pay to the order of Siemon & Claflin, attorneys for Mrs. Minnie Hein, $2100.00, Two thousand One Hundred and no/100 Dollars. Estate of Robert Hein, Deceased. By Robert E. Hein, Executor.' Endorsement of this check: 'Acknowledges payment *"of principal sum"* of specific legacy mentioned in last will of Robert Hein, Deceased, $400.00 having been previously paid making total $2500.00. Siemon & Claflin, Attorneys for Mrs. Minnie Hein.'

"Mr. Claflin stated that upon receipt of the check he added the words 'of principal sum' without authority and/or the knowledge of the maker. No interest on the legacy was ever paid."

On cross-examination the witness Robert E. Hein testified:

"I never discussed the question of interest on the legacy of $2500.00 with Minnie Hein. I did not know that legacies bore interest until the matter was brought up here."

On February 13, 1934, and prior to said hearing, the court had duly and regularly made an order for the payment of family allowance in the total sum of $300, in accordance with the agreement. This sum was then paid to Mrs. Hein.

Appellant now claims that the evidence was insufficient to justify that part of the order settling the final account and decree of distribution wherein it is found, decided and ordered that the legacy to Minnie Hein had been paid in full and that the obligation for the payment of the legacy had been discharged and that the evidence was insufficient to support the finding that the executor and Minnie Hein entered into an agreement of accord and satisfaction for a valuable consideration paid by Robert E. Hein wherein and whereby Minnie Hein waived any or all interest on the legacy bequeathed to her.

Counsel for appellant argue that there never was any agreement between the executor and Minnie Hein regarding interest; that neither Minnie Hein nor the executor knew that there was such a law regarding interest and that none of the parties could have had interest in mind at any time prior to the acceptance of the balance of the principal, citing *Weinberg* v. *John A. Vaughan Corp.,* 137 Cal. App. 55 [29 Pac. (2d) 862] ; *Estate of Hubbell,* 216 Cal. 574 [15 Pac. (2d) 503] ; *Berger* v. *Lane,* 190 Cal. 443 [213 Pac. 45].

Respondent endeavors to support the order of the court denying interest to appellant on the theory that under the evidence above quoted there resulted an accord and satisfaction or waiver, and therefore appellant is estopped now from claiming interest. Each of the agreements above quoted is a full, complete and separate agreement. Robert E. Hein had the privilege and alternative of carrying out either one of the agreements. He decided to carry out the agreement introduced in evidence as exhibit No. 1, and complied with all its terms.

It was held in *Jones* v. *Maria,* 48 Cal. App. 171 [191 Pac. 943], that a person who is in a position to assert a right or insist upon an advantage may, by his words or conduct, and without reference to any act or conduct of the other party affected thereby, waive such right. Once such right is waived, it is gone forever. The person who has waived the right will thereafter be precluded from asserting it.

In neither a criminal nor civil cause, in any circumstance, can one justify his act by the naked showing that he did not know of the existence of the law. Ignorance of the law is no excuse is a rule in our jurisprudence. It was therefore conclusively presumed to be a known fact that appellant was entitled to claim interest when the agreement was

444

executed. (*Rhodes* v. *Sargent*, 17 Cal. App. 54 [118 Pac. 727].) This right to claim interest may be waived. (*Dee* v. *J. C. Forkner Fig Gardens, Inc.*, 105 Cal. App. 606 [288 Pac. 149].) ▪ In this particular agreement above quoted Minnie Hein agreed to accept the legacy of $2,500 "in full settlement of all claims or rights of the undersigned in connection with the estate of her said deceased husband" and that "any other statutory claim which she as such widow may have against said estate will be compromised, waived, and released upon the payment to her of the sum of $300.00", subject to the approval of the court. The distribution was made in accordance with the above agreement. The payment of any claim of interest was denied to appellant. By inference, the court approved the settlement. The legal right to claim interest existed when the settlement was executed. Under this agreement and the uncontradicted evidence, the court was justified in finding that appellant had waived her right to claim interest. (*Fairchild* v. *Cartwright*, 39 Cal. App. 118 [178 Pac. 333]; *Johnston* v. *Burnett*, 17 Cal. App. 497 [120 Pac. 436]; Civ. Code, secs. 1521, 1523.)

The order and judgment are affirmed.

Barnard, P. J., and Marks, J., concurred.