[Civ. No. 14909. First Dist., Div. One. Mar. 19, 1952.]

JEANNETTE CONDY GREINER, Respondent, v. RUS-
SELL KIRKPATRICK et al., Defendants; LOIS A.
KIRKPATRICK, Appellant.

Arch MacDonald and Clayton W. Brunsell for Appellant.

Stanley C. Smallwood and Charles W. Fisher **for Re-**
spondent.

BRAY, J.—Defendant Lois A. Kirkpatrick* appeals from
a judgment in favor of plaintiff enjoining defendant from
interfering with plaintiff's use of a right of way.

---

*Russell Kirkpatrick was joined as a defendant. However, he filed a
disclaimer, and the action proceeded against Lois alone.

## Questions Presented

1. Is plaintiff estopped to assert any easement? 2. Did the court include in the easement more land than reasonably necessary to accomplish its purpose? 3. The effect of the injunction in requiring defendant to remove a portion of a certain wall.

## Facts

The controversy arises over the use by plaintiff of a certain area required to enable her to get in and out of her garage, over which area she originally received a grant of an easement.

On June 21, 1943, the major portion of Lot 1022 in a certain tract in Oakland was conveyed to plaintiff by Mr. and Mrs. E. W. Fehr. Plaintiff thought she had purchased all of Lot 1022. However, a considerable portion of Lot 1022 was excluded from the purchase. This portion was owned by Oscar O. and Annie I. Uhle, who also owned Lot 1021. This fact was discovered when plaintiff talked to Mrs. Uhle concerning a certain low wall which partially blocked plaintiff's driveway. The portion excluded from plaintiff's deed is on a slope, and most of it is used as the driveway from Lot 1021 to the street. The house on Lot 1021 was then occupied by the Uhles. Plaintiff immediately started to negotiate with the Uhles for the removal of a portion of the wall and the grant to her of an easement over the excluded portion of Lot 1022. She then took down the portion of the wall which interfered with her getting in and out of her garage. On September 11th the Uhles signed the grant to plaintiff of a nonexclusive easement, or right of way, over that portion of Lot 1022 which had been excluded from the original deed. The grant particularly described by metes and bounds the area over which the easement was granted. It was the same description which was used in excluding the area from the original deed. This grant was recorded September 29th.

On September 19th defendants made a deposit in escrow for the purchase of the Uhle home. The deed from the Uhles to defendant is dated September 25th. It was not recorded until October 7th. The deed covered Lot 1021 and the portion of Lot 1022 described in the easement from the Uhles to plaintiff. No mention, however, was made of that easement. Within two weeks of September 19th defendant's husband saw plaintiff's husband taking down the wall. It is claimed for defendant that she did not know of plaintiff's easement until

March or April, 1944. Plaintiff testified that after the rock wall was removed and for over two years, the easement was used without any protest by defendant.

In the preliminary report from the abstract company obtained by defendant there is no mention of the easement, but it is mentioned in the final report. Defendant claims her escrow was closed at 10 o'clock September 29th. The easement to plaintiff was recorded at 11 o'clock that same day. July 19, 1946, defendant constructed a 14-foot extension to the wall.

### Record

When defendant, on protest, refused to remove the wall, plaintiff brought this action asking that defendant be enjoined from maintaining the wall or obstructing her use of the easement. Defendant answered and cross-complained, claiming ownership of the strip in question, and alleging that plaintiff had no easement, that plaintiff had full ingress and egress to her property without going over the strip, that the wall is necessary to keep the ground from sliding and does not interfere with plaintiff's ingress and egress; and that in any event it was the intention of the Uhles and plaintiff that plaintiff was to have an easement only over such portion of the strip as was actually needed for ingress and egress. Defendant asked that plaintiff be denied relief, or, at best, that the easement be reformed.

While the deed from the Uhles to plaintiff granted an easement over the entire strip, without any limitation, both parties and the court tried the case on the theory that if plaintiff was entitled to an easement it should be only over such portion of the strip as was reasonably necessary for egress and ingress. The court found that plaintiff was entitled to an easement and found the area which it believed necessary for that purpose (considerably less than that described in the easement), ordered defendant to remove that portion of the wall which was within that area, and permanently enjoined defendant from obstructing plaintiff's use of that area for ingress and egress.

### 1. *The Easement and Estoppel.*

Defendant contends that as her deed was dated September 25th and the escrow for the purchase of the property "closed" September 29th at 10 o'clock, and plaintiff's easement deed, although dated September 11th, was not acknowledged by Oscar Uhle until September 27th, and was not recorded until 11 o'clock September 29th, defendant must be held to have

taken without notice and gets the land free of the burden of the easement. Defendant of course cannot claim to be a purchaser "whose conveyance is first duly recorded." (See Civ. Code, § 1214.) Again, just what is meant by the term, the escrow was "closed," does not appear* The purchase and the escrow were subject to the Uhle title being clear. Thus, the transaction was not complete or final at the time of the "closing" of the escrow. It only became final when the title company recorded the Uhle deed to defendant (and was ready to issue its title insurance policy), which was not until October 7th. At that time, at least, the title company knew of the recorded easement. Its knowledge was that of defendant, as it obviously was defendant's agent as well as that of the seller. Defendant's husband testified that when "we" were at the property he saw plaintiff's husband taking down the wall within two weeks of September 19th. ▮ The court under this evidence could very well have concluded that defendant's husband would have communicated that fact to his wife and that defendant did have knowledge that plaintiff was asserting rights to the strip, even though the husband testified that when he asked Mrs. Uhle about it she said the man was doing some repair work. Defendant did not testify, so there is no evidence that defendant, at the time she purchased the Uhle property, did not know of plaintiff's easement. The evidence supports the court's conclusion that at the time the transaction between the Uhles and defendant was completed defendant had been put on notice of plaintiff's rights both by the recording of plaintiff's easement and by observation of plaintiff's use of a portion of it.

The very first, and perhaps most important, element of estoppel is missing in this case, namely, ignorance of the true situation by the person now attempting to assert the estoppel. ▮ The burden of proving the facts necessary to constitute an estoppel is on the party asserting it—here, the defendant. (*General Motors Accept. Corp.* v. *Gandy*, 200 Cal. 284 [253 P. 137].) ▮ Moreover, it should be pleaded. (*Producers Holding Co.* v. *Hill*, 201 Cal. 204 [256 P. 207].) It was not pleaded here. ▮ Defendant is attempting to raise it for the first time in this court. That cannot be done. (See

*See *Security-First Nat. Bank* v. *Clark*, 8 Cal.App.2d 709 [48 P.2d 167], and *Holland* v. *McCarthy*, 173 Cal. 597 [160 P. 1069], as to effect of "escrow."

*Patterson* v. *Spring Valley Water Co.*, 207 Cal. 739 [279 P. 1001]; *Eucalyptus G. Assn.* v. *Orange County N. & L. Co.*, 174 Cal. 330 [163 P. 45].)

2. *Extent of the Easement.*

■ As pointed out, in spite of the fact that the written easement covered a described area, the case was tried on the theory that the court should fix the area reasonably necessary for plaintiff to get in and out of her garage. While there was evidence to the contrary, there is ample evidence to support the court's finding that the area fixed by it is reasonable and necessary for this purpose. In order to get out it appears necessary to back a car over that area which was blocked by the portion of the wall which plaintiff tore down and which defendant thereafter restored. Defendant's land is higher that plaintiff's. The evidence shows that the area fixed by the court and in which defendant may not maintain a wall is limited to the amount of ground necessary for plaintiff's egress and ingress, and that the portion of the wall which is outside this area (and most of which was on the land included in the written easement) and which does not have to be removed, is amply sufficient to keep defendant's ground from sliding.

Defendant seems to contend that the court should have restricted the easement to practically the width of an automobile's wheel tracks and should have required plaintiff to maneuver around the end of the wall. In the first place, the evidence supports the conclusion that more space is required than the mere width of the car's tracks and that it is impracticable to maneuver around the end. Moreover, it must be considered that this action was not to obtain an easement by adverse user, in which case the area is greatly restricted. Here was an easement by grant of a definitely defined area, over the whole of which plaintiff had the right to pass.

3. *The Extent of the Injunction.*

The judgment in addition to requiring the removal of a portion of the wall restrains defendant from interfering with the use by plaintiff of the described area (called a "right of way"), as a vehicular right of way for ingress or egress to or from plaintiff's property to the adjacent public highway and from constructing or maintaining any wall or obstruction thereon, or abrupt grade of any kind or nature which might interfere with the use by plaintiff of said right of way. Defendant seems concerned that by ordering the removal of the

portion of the wall on the area designated by the court and by enjoining defendant from maintaining such a wall or an abrupt grade, the court is requiring defendant to construct and maintain a driveway for plaintiff. This concern is unjustified. Except for the removal of the wall and any regrading necessary to restore the ground to its original natural condition, all of which, of course, will be at defendant's sole expense, defendant is not required to take any affirmative steps towards the maintenance of the driveway, unless, of course, she has done something to interfere with the natural slope of the ground and has thereby obstructed plaintiff's use. Plaintiff's easement merely gives her the right to use the area for ingress and egress. Defendant is not required to make any changes from the natural condition of the ground, or any grading thereof necessary to permit its reasonable use. Those matters will have to be done, if necessary, by plaintiff, and, as the easement is nonexclusive, in such manner as not to obstruct or prevent the reasonable use thereof by defendant. Defendant has the right to use the land defined by the court for any use not inconsistent with plaintiff's easement. (*Parks* v. *Gates*, 186 Cal. 151 [199 P. 40].)

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.