[Civ. No. 15982.   First Dist., Div. Two.   Oct. 20, 1954.]

A. H. FONTANA, Appellant, v. ALICE R. UPP et al., Respondents.

Albert Picard and William R. Lowery for Appellant.

Dinkelspiel & Dinkelspiel and Richard C. Dinkelspiel for Respondents.

KAUFMAN, J.—This is an appeal by plaintiff from a judgment in favor of defendants in an action in which plaintiff sought damages for breach of a lease of certain premises owned by defendants and which plaintiff desired for the operation of a bakery business. The complaint alleged failure of respondents to place appellant in possession of property pursuant to a lease, and the answer denied that the lease ever became legally effective, alleging that the document was subject to a condition precedent which had never occurred. Evidence of the condition precedent was offered at the trial without objection, and the trial court found that the document was subject to such condition which never had occurred, hence the lease never had become effective.

At the trial it was shown that in October, 1945, a wholesale bakery known as the Boudin Bakery was being operated on the premises owned by respondents at 387 Tenth Avenue in San Francisco under a lease to one Laclergue. It became involved in financial difficulties, and its affairs were taken over by the San Francisco Board of Trade and a plan was worked out with creditors under which Laclergue sold the business to a Mr. Singer and another, who gave Laclergue a chattel mortgage for the price which was assigned to the board of trade. Singer was given six months in which to pay off the chattel mortgage.

On October 16, 1945, respondents agreed to give Singer a lease of the premises if he should succeed in working out a plan with creditors and they waived their claim to unpaid rent in consideration of a higher monthly rental.

Appellant operated a rival wholesale bakery. He knew of the arrangement with the creditors' committee whereby Singer was in possession of the premises of the Boudin Bakery. It was stipulated that the lease here involved which was dated April 16, 1946, was actually signed on February 19, 1946, by plaintiff and defendants.

A review of the record herein discloses that there is substantial evidence to support the finding of the trial court "that at the time said document was signed by the plaintiff and defendants, it was understood and agreed by and between the parties that the document was not to be legally effective and would be ineffective and of no effect whatsoever unless one Hyman Singer, who was then occupying said premises should elect not to enter into a lease of said premises for a term extending from and beyond April 15, 1946."

The document was not recorded and no rent was paid

under the lease, but a tender was made after appellant was advised that the lease would not be effective.

Singer made arrangements to pay off the board of trade in April, 1946, and respondents gave him a lease which was recorded. Consequently, Singer continued as lessor of the premises and appellant was never put in possession by respondents.

Appellant contends that the trial court erred in admitting oral evidence of an alleged condition precedent which was inconsistent with the express terms of the lease. Section 1625 of the Civil Code provides that when a contract is reduced to writing the writing "supersedes all the negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." And section 1856 of the Code of Civil Procedure provides that when the terms of an agreement have been reduced to writing, it is considered as containing the entire agreement and evidence of the terms of the agreement other than the writing cannot be admitted except (1) where a mistake or imperfection of the writing is put in issue by the pleadings; (2) where the validity of the agreement is the fact in dispute. This section further provides that evidence of the circumstances under which the agreement was made or to which it relates as defined in section 1860, is not excluded. Under this section parol evidence is also admissible "to explain an extrinsic ambiguity, or to establish illegality or fraud." Appellant says that in the present case neither fraud, mistake nor illegality was present, but that defendants' sole contention is that the lease was subject to a condition precedent. It is clear from the record that the case was tried on the theory that the crucial issue in the case was whether the lease agreement was or was not made subject to a condition precedent.

Appellant concedes that an oral condition precedent may be shown by parol evidence where the contract does not include provisions inconsistent with the condition. (*Severance* v. *Knight-Counihan Co.*, 29 Cal.2d 561, 563 [177 P.2d 4, 172 A.L.R. 1107].) It is appellant's theory that the condition in regard to which parol evidence was admitted is a condition inconsistent with the written terms of the lease. The court admitted evidence of an alleged condition precedent to the effect that if Singer elected to remain in possession of the premises which he was then occupying and should elect to execute a lease for a term beyond the date set for commencement of the term under the lease

agreement given appellant, appellant's lease would be null and void. Appellant contends that such a condition is inconsistent with the terms of the lease, in that the written lease provided for a definite date of commencement, whereas the condition precedent delayed the effective date of commencement. This argument is not valid, for the evidence clearly shows that the condition, if it arose, was not to *delay* the initial date of appellant's term under the lease, but rather, if it occurred, the lease was to be legally ineffective at any time. Appellant cites *Hanrahan-Wilcox Corp.* v. *Jenison Machinery Co.*, 23 Cal.App.2d 642 [73 P.2d 1241], as a case involving a fact situation similar to that herein. In the cited case plaintiff claimed that contemporaneously with the execution of a written lease of a road grader, by which plaintiff rented said machine from defendant for a period of six and one-half months at a stated rental, it was orally agreed that the written lease was not to be effective unless plaintiff was satisfied with the performance of the grader. It was held on appeal that evidence of the oral agreement was not admissible as it did not come within the exceptions to the parol evidence rule, since the oral agreement delayed the effective date of the written agreement in that the oral agreement was inconsistent with the written provision that rents of the machine commenced on the date of shipment. In the cited case, plaintiff received possession of the property under the written agreement, and after a trial period of 90 days claimed to be dissatisfied and attempted to set up an oral agreement to excuse payment of the rental. The situation in the present case would be similar to the cited case if appellant herein had entered into possession of the premises, and then had claimed he did not have to pay the rent and could give back the possession to defendants because he was not satisfied with their suitability for his purposes in accordance with an oral agreement to that effect made contemporaneously with the execution of the lease. This case is therefore not here in point.

Respondents have satisfactorily distinguished the cases cited by appellant on their factual situations from the case now before the court. One group of cases cited by appellant are those involving a condition subsequent. ▉ It is well settled that such type of condition may not be shown by parol evidence to contradict the terms of a written contract. The following cases are in this category: *Hanrahan-Wilcox Corp.* v. *Jenison Machinery Co.*, 23 Cal.App.2d 642 [73 P.2d 1241]; *Summit Avenue Bldg. Co.* v. *Sanders*, 183 N.C. 413 [111

S.E. 705]; *Gray* v. *Jones*, 190 Ark. 503 [79 S.W.2d 443]; *City of New York* v. *Warner*, 119 Misc. 687 [197 N.Y.S. 218]; *American Bill Posting Co.* v. *Geiger*, 76 Misc. 571 [137 N.Y.S. 148]. ▮ Another type of case is that in which parol evidence is not admissible to show a condition inconsistent with a condition expressed in an effective and binding contract. (*La Cava* v. *Breedlove*, 77 Cal.App.2d 129 [174 P.2d 880]; *Scatena* v. *Lawson*, 95 Cal.App. 720 [273 P. 592]; *Stafford* v. *Russell*, 117 Cal.App.2d 326 [255 P.2d 814].) ▮ Nor can parol evidence be admitted to add a term to a contract. (*Berverdor, Inc.* v. *Salyer Farms*, 97 Cal.App.2d 459 [218 P.2d 138].) An excellent discussion of California cases involving conditions precedent, subsequent and inconsistent conditions and the relation of the parol evidence rule thereto is contained in Witkin, Summary of California Law, Sixth Edition, volume 2, pages 1816-1818.

▮ Appellant's theory which is reiterated throughout his briefs, is that the alleged oral agreement was inconsistent with the terms of the written lease agreement in that it changed the date or delayed the date on which the agreement was to go into effect. But the oral agreement was not that the lease agreement might become effective on a date later or different than that expressed in the writing, but that should the extraneous condition occur, then the lease would never at any time be effective. Appellant fails to distinguish between a situation where an oral agreement calls for performance according to a term different than that expressed in the agreement, upon a certain condition happening, and a situation where no performance at all is called for if the event transpires, the instrument never going into effect as a binding obligation.

The fact that a condition precedent to the taking effect of the written agreement was pleaded, proved, and found by the court to have been agreed to by the parties is decisive of this case under the California authorities. Appellant does not attack the finding of a condition precedent as unsupported by the evidence, as he could not in view of the record herein, which shows that the evidence, though conflicting, adequately supports such finding.

The case of *Unger* v. *Hall*, 61 Cal.App.2d 535 [143 P.2d 497], decided by this court, affirmed the action of the trial court in admitting evidence of an oral agreement over objection of the plaintiff in a suit by a real estate broker for a commission in procuring a lease of real property owned by

defendants. Defendants' property was under lease to one Rubin. Plaintiff asked defendants to allow him to negotiate a new lease with a new tenant. It was agreed orally that if the Rubin lease could not be terminated, plaintiff would not be entitled to a commission for procuring the new lease. The Rubin lease was not terminated, but plaintiff sued for his commission. This court in its opinion cited with approval *Gleeson* v. *Dunn,* 113 Cal.App. 347 [298 P. 119], which followed the case of *Burke* v. *Dulaney,* 153 U.S. 228 [14 S.Ct. 816, 38 L.Ed. 698]. The court said: "In so deciding we followed the general rule which is so well stated in 32 C.J.S. page 857 as follows: 'Hence, parol evidence is admissible to show conditions precedent, which relate to the delivery or taking effect of the instrument, as that it shall only become effective on certain conditions or contingencies, for this is not an oral contradiction or variation of the written instrument but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed. . . .' " (See also *Harper* v. *French,* 29 Cal.App. 214 [84 P.2d 216]; *Paratore* v. *Scharetg,* 53 Cal.App.2d 710 [128 P.2d 560]; *Spade* v. *Cossett,* 110 Cal.App.2d 782 [243 P.2d 799].)

Appellant contends that since a lease is also a conveyance it cannot be delivered to the grantee conditionally, citing Civil Code, section 1056. Respondents point out that while said section provides that "a grant cannot be delivered to the grantee conditionally," the section is not applicable in this type of controversy where the very issue is whether or not there has been a legal delivery. In *Huth* v. *Katz,* 30 Cal.2d 605 [184 P.2d 521], it was held that a valid delivery of a deed "depends upon whether the grantor intended that it should be presently operative, and a manual transfer is not conclusive of such intention." (See also *Hansen* v. *Bear Film Co., Inc.,* 28 Cal.2d 154, 175 [168 P.2d 946]; *Priest* v. *Bell,* 123 Cal.App.2d 528, 530-531 [267 P.2d 49].)

Appellant contends finally that respondents waived performance of the alleged condition precedent, pointing to the evidence that both plaintiff and defendants testified that the lease as originally drawn contained a rider attached to the effect that if the tenant in possession made good with his creditors the Fontana lease would be null and void. Fontana testified that Upp removed the rider. Upp stated that Fontana removed the rider. Upp thereafter drew up a new rider covering the payment of the $1,600, and delivered a copy to appellant. But Upp also testified that at this meeting it was agreed that the lease was to be of no effect if the tenant

in possession made good. Appellant is evidently contending that because respondent Upp, according to appellant's version of the evidence, executed and delivered the lease minus the rider containing the condition, which had first been attached, he is bound by his conduct in so delivering the instrument and cannot set up the alleged condition precedent which respondent testified was still understood by the parties to obtain. Appellant cites generally for definitions of waiver and estoppel the cases of *Panno* v. *Russo*, 82 Cal.App.2d 408, 412 [186 P.2d 452]; *Estate of Hein*, 32 Cal.App.2d 438, 443 [90 P.2d 100].

Respondents note that it is inconsistent of appellant to deny the existence of a condition precedent as he did in his sworn testimony, and now declare that respondent Upp has waived the condition by his conduct. Suffice it to say that this question of waiver is now raised for the first time on appeal. It was not pleaded, and the evidence on such issue, if it had been properly raised, was conflicting. There was no request made to the trial court for a finding on such an issue. This court can make no such finding on conflicting evidence. The position of both parties at the trial was that the case turned on proof of the presence or absence of an oral condition precedent. Where parties have taken a certain position during the trial, they cannot adopt a different position on appeal by raising a new issue which the other party was not apprised of at the trial. (*Westphal* v. *Westphal*, 61 Cal.App.2d 544, 550 [143 P.2d 405]; *Nuttman* v. *Chais*, 101 Cal.App.2d 476, 478 [225 P.2d 660].) Nor may the issue of estoppel be raised for the first time on appeal. (*Greiner* v. *Kirkpatrick*, 109 Cal.App.2d 798 [241 P.2d 564].) And in *Reininger* v. *Eldon Mfg. Co.*, 114 Cal.App.2d 240, 243 [250 P.2d 4], it was held that where plaintiffs proceeded under their pleadings to trial on the theory of full performance, they cannot on appeal claim an excuse for nonperformance or claim prevention of performance.

It appears that the trial court properly admitted the oral evidence in regard to the condition precedent which was pleaded, and the finding of the existence of such a condition is supported by substantial evidence.

No prejudicial error appearing in the record before us the judgment must be affirmed.

Judgment affirmed.

Nourse, P. J., and Dooling, J., concurred.