THE COURT.
This action was commenced to recover $2,200, representing the unpaid installments of $200 per month, provided for in a written lease from June 15, 1953, to April 15, 1954, and also reasonable attorney fees of $500 under the provisions in the lease. By his answer the defendant alleged that the lease was made, executed and delivered on the oral condition that the lessor would refer persons needing dental care to the defendant for treatment and, if this did not take place, the instrument would be cancelled, and that plaintiff failed to do this. The defendant further denied that possession was under and by virtue of the terms of the lease. The answer also alleged that the promise of referral was a fraudulent inducement to the execution of the agreement.
The trial court did not find fraud but found that the defendant had paid the rent called for until June of 1953. In March of 1953 the parties agreed that the rent would be $125 until business was better. Thus the rent due from June 15, 1953, to March 15, 1954, was $125 per month or $1,000 in all, and the court awarded judgment to the plaintiff for that sum. The trial judge further found that the written lease was a nullity and not intended to be legally effective and possession was by virtue of an oral agreement. As a con *Supp. 837 elusion, the court stated that no counsel fees would be allowed since the leasing was oral.
The lessor appeals, claiming that it is entitled to the full amount of the rent and reasonable attorney fees as provided in the written lease. We have concluded that the law supports these contentions.
That the lessor would refer patients needing dental care to the lessee or, in the event this did not take place, the lease would be cancelled, was the interpretation placed on the agreement by defendant's own answer and his testimony. This oral condition did not prevent the lease from becoming presently operative, contrary to the conclusion reached by the trial court that this was a condition precedent. Instead, it was a condition subsequent. Since this condition was not contained in the writing itself, the parol evidence rule operates to prevent the cancellation of the lease. (See Fontana v. Upp (1954), 128 Cal.App.2d 205, 208 [275 P.2d 164] ; 32 C.J.S. 857, Evidence, § 935.) This is so although no objection was made to the introduction of testimony showing such a condition as it is almost axiomatic to say that the parol evidence rule is a rule of substantive law. (Hale v. Bohannon (1952), 38 Cal.2d 458, 465 [241 P.2d 4].) Thus possession by the lessee was under the written lease.
Nor is there any support for the finding that the parties agreed in March of 1953 that the rent would be $125 until business would be better. It is true that an executed oral agreement will serve to modify the terms of a written lease, but only as to installments already paid. (Julian v. Gold, (1931), 214 Cal. 74 [3 P.2d 1004].) As the lessee was holding by virtue of the written lease, he is liable for the $200 rental provided for from June 15, 1953, to and including April 15, 1954. (De Hart v. Allen (1945), 26 Cal.2d 829, 832 [161 P.2d 453].)
The conclusion that no attorney fees should be allowed was a result of the finding that the lease was oral. Since this is contrary to what we have just said, and as the written lease does provide for attorney fees, reasonable fee should have been allowed.
The judgment is reversed. The appeal from the order denying motion for a new trial is dismissed.