[S. F. No. 637. Department Two.—December 3, 1897.]

GEORGE WOLTERS, Respondent, v. FREDERICK R. KING et al., Copartners under the Firm Name of Harris & Jones, Appellants.

ACTION FOR LUMBER SOLD AND DELIVERED—SALE. OF LAND FOR LUMBER—AGENCY FOR OWNER—CONTRACT FOR BENEFIT OF LUMBER FIRM—SEPARATE AGREEMENTS IN ONE TRANSACTION.—Where a member of a copartnership engaged in the business of buying and selling lands, acting for the benefit of his firm, and also as agent for the sale of a tract of land, effected a sale of the land in his own name to a corporation engaged in the business of manufacturing lumber near to the land, agreeing that the price fixed should be paid in lumber to be delivered to him at specified rates, and on the same day made a separate agreement with the owner of the land reciting that he had acted as agent of the owner in effecting the sale, and that such owner was to be paid for the lumber by him at the rates specified, each lot delivered to be paid for to the owner at those rates ninety days after delivery, with agreed interest, and that the owner was to sell the lumber to him at those rates, and should pay him a commission for effecting the sale, payable in lumber at the rates fixed, the two agreements are to be considered as parts of one transaction, and as binding the firm for whose benefit they were made, and an action will lie in favor of the owner of the land against such firm for lumber sold and delivered to them under the agreement.

ID.—TIME FOR PAYMENT OF COMMISSION—CONTEMPORANEOUS ORAL AGREEMENT FOR POSTPONEMENT—PAROL EVIDENCE.—Though, as a general rule, a broker or agent for the sale of land for a stipulated commission has earned and is entitled to his commission when he has found a purchaser able, ready, and willing to take the land at the price and within the time agreed upon, yet where no time for the payment of the commission was definitely agreed upon in the written contract, parol evidence is admissible to show that, contemporaneously with

the execution of the written agreement, it was orally agreed be-
tween the agent and the owner of the land, that the commission,
which was to be paid to the agent on lumber, was not to be taken
out of the first lumber delivered to him under the contract, but that
he was to wait for payment of the commission until all the lumber
had been shipped as agreed in the contract, and the owner had re-
ceived payment for his land.

ID.—LUMBER FIRM BOUND BY ORAL AGREEMENT—APPROPRIATION OF LUMBER
    FOR COMMISSION—INSUFFICIENT DEFENSE TO ACTION.—Under the circum-
    stances of the case, all of the members of the lumber firm were
    bound by the terms of the agreement made by one of its members
    for the benefit of the firm, including the oral agreement made re-
    specting the time for payment of the stipulated commission, and
    none of them can appropriate the lumber first delivered to them
    under the contract to the immediate payment of the stipulated com-
    mission, or defend an action by the owner of the land against them
    for the agreed price of such lumber, upon the ground of such ap-
    propriation.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco and from an order denying a new
trial.   J. M. Seawell, Judge.

The facts are stated in the opinion.

Chickering, Thomas & Gregory, for Appellants.

George A. Rankin, for Respondent.

BELCHER, C.—The plaintiff brought this action to recover a
sum of money, with interest, alleged to be due for lumber sold
and delivered by him to defendants.   The answer denied all the
averments of the complaint.   The court found: "That on the
eighth day of November, 1892, the plaintiff, at the instance and
request of the defendants, sold and delivered to said defendants
lumber of the agreed price and value of one thousand and
eighteen dollars and twenty-three cents, for which said defend-
ants promised and agreed to pay to said plaintiff, ninety days
after said date, with interest at the rate of eight per cent per an-
num from and after the expiration of said ninety days."   The
court further found that no part of the said money had been
paid, and that plaintiff was entitled to a judgment therefor.

Judgment was accordingly so entered, from which and from
an order denying their motion for a new trial defendants appeal.

It appears that in November, 1892, plaintiff was the owner of five hundred and twelve acres of timber land in Siskiyou county, which he wished to sell. The defendants were copartners, engaged in the business of buying and selling lumber in the city of San Francisco. The Red Cross Lumber Company was a corporation engaged in the business of manufacturing lumber near plaintiff's land, and it wished to purchase said land and pay for it in lumber.

On November 1, 1892, the defendant, M. Harris, in his own name but for the benefit of the firm of Harris & Jones, entered into a written agreement with the Red Cross Lumber Company, by the terms of which he agreed to sell to the lumber company and said company agreed to buy the plaintiff's said land. The agreed purchase price was five thousand one hundred and twenty dollars, payable in lumber to be shipped and delivered to Harris by or before the thirty-first day of December, 1893. The lumber was to be taken in payment according to a schedule fixing different values for different grades of lumber. Upon delivery by the lumber company of sufficient lumber to make up the purchase price of five thousand one hundred and twenty dollars, Harris agreed to execute and deliver to said company a good and sufficient grant, bargain, and sale deed of said land.

On the same day, November 1, 1892, the plaintiff Wolters and the defendant Harris entered into a second written agreement, which, after setting out the substance of the agreement between Harris and the lumber company, and that the title to the lands described therein was actually vested in said Wolters, and that Harris, in contracting for the sale thereof, acted as Wolters' agent, contained the following provisions: 1. That Harris should receive the lumber shipped to him by the Red Cross Lumber. Company and pay Wolters for it at the rates mentioned in the agreement between him and the said company; 2. That Wolters should pay Harris the sum of one thousand and twenty four dollars as a commission for making the sale of the land; 3. That Wolters would sell to Harris all the lumber mentioned or referred to in the agreements at the rates specified therein, and that payment for any shipment made should not be due until the expiration of ninety days after the delivery thereof to Harris in San Francisco, and that upon all payments not made at

the expiration of ninety days Harris should pay interest at the rate of eight per cent per annum; 4. That Harris' commission should be paid in lumber shipped to him by the said lumber company, and to be computed at the rates fixed in the first agreement.

Pursuant to the said agreement three carloads of lumber, of the value of one thousand and eighteen dollars and twenty-three cents (computed at the rates specified), were, during the month of November, 1892, shipped by the Red Cross Lumber Company to San Francisco and were delivered to and accepted by the firm of Harris & Jones. And it was to recover the purchase price of these shipments of lumber that this action was brought.

It will be observed that the two agreements were made at the same time, and were parts of one transaction. And that they were made for the benefit of and are binding on the defendants is not questioned. Counsel say: "So far, however, as the obligations arising under this written agreement are concerned, it is admitted by appellants that they are bound thereby, not because it was in its inception their contract, but because they ratified it and adopted it as their own. They are now and have at all times been willing to stand by the obligations arising out of that instrument."

But the contention is, that the defendants were entitled to appropriate the first lumber received by them to the payment of the commission, and hence the plaintiff cannot maintain this action; and in support of this contention counsel cite section 1657 of the Civil Code, which provides: "If no time is specified for the performance of an act required to be performed, a reasonable time is allowed. If the act is in its nature capable of being done instantly—as, for example, if it consists in the payment of money only—it must be performed immediately upon the thing to be done being exactly ascertained."

It is true the general rule is that a broker, who undertakes to sell another's land at a fixed price and within a given time for a stipulated commission, has earned and is entitled to his commission when he has found a purchaser who is able, ready, and willing to take the land at the price and within the time named.

But it was clearly proved at the trial of this case that, contemporaneously with the execution of the written agreements, it was

orally agreed between Harris and Wolters that the commission was not to be taken out of the first lumber received by Harris, but he was to wait for the payment of his commission until all the lumber had been shipped, the contract completed, and Wolters had received payment for his land. This testimony was all objected to by defendants, but, as no time was definitely fixed in the written agreements for the payment of the commission, it was properly held admissible and received. (*Sivers .v. Sivers,* 97 Cal. 518.)

It is earnestly insisted, however, that the defendants, other than Harris, were not bound by the oral agreement, and that the court erred in rendering judgment against them.

Without following the able and quite elaborate arguments of the respective counsel upon this point, we deem it enough to say that, looking at all the facts and circumstances attending the transaction as shown by the record, it must, in our opinion, be held that all the defendants were bound by the oral agreement, and were therefore not entitled to appropriate the lumber involved in this case to the payment of the said commission.

It follows that the judgment and order appealed from should be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.