[Civ. No. 11925. First Dist., Div. One. July 31, 1942.]

R. PARATORE, Appellant, v. ROBERT SCHARETG et al., Respondents.

Albert Picard and Francis McCarty for Appellant.

William P. Caubu for Respondents.

WARD, J.—This is an appeal by plaintiff from a judgment for defendants in an action for breach of a building contract.

The contract is in the printed form used generally by building contractors in San Francisco; it is dated October 5, 1939, and provides that plaintiff "within the space of *one hundred twenty* working days from and after *the date of recording this contract*" (emphasis ours) furnish labor and materials and complete the construction of three buildings on a certain parcel of land owned by defendants, for which he was to receive the sum of $26,490. The above italicized words were not a part of the printed form, but were typed therein. The contract was never recorded, and no construction work was ever commenced.

The defendants, while admitting the execution of the contract, set up as a special defense and answer to the allegations of the complaint, and also as a separate answer and defense to the whole thereof, a collateral agreement which they stated was entered into between the parties contemporaneously with the contract and was to the effect that it was necessary to finance the building operation, which was to be done through the facilities of the Federal Housing Administration, and

that unless a total minimum of $25,200 could be obtained from this source, the construction should not proceed and the contract should not be operative or effective.

It appears that a preliminary application for a loan from the F. H. A. was made through a local bank about September 10th. On October 6th, the day following the date of the contract, formal application was made in an amount of $33,000. The plans and specifications accompanying the application were prepared by an architect proposed by plaintiff and were in accordance with requirements of the F. H. A. The record shows that $99 to accompany the application was advanced by the defendants on that date to cover costs. The building department of the bank thereafter recommended that $30,000 only be applied for, and the application in this amount was finally delivered to the F. H. A. on October 13th.

The special defense also sets forth that being advised by the F. H. A., on October 25th, that it would make a construction loan in an amount not exceeding $21,000, the defendants so informed the plaintiff, who agreed that by reason thereof the contract was at an end.

Around November 1st, the architect for the proposed building operation demanded settlement by defendants of his fees for work done—thus presumably recognizing that his services were at an end—and was subsequently paid.

On January 5, 1940, plaintiff through his attorney made a formal offer and tender to proceed with the construction of the buildings under the terms of the contract, and advised defendants that unless they immediately proceeded with such construction an action would be brought against them for damages for breach of the contract.

The court found that the facts set up in the special defense were true; that the contract did not become effective; that following the decision of the F. H. A. to loan less than the $25,200 the plaintiff agreed with defendants that the contract was at an end.

Plaintiff admits that he understood that financing was to be arranged through the F. H. A., but that it was his understanding the defendants would furnish any additional amount necessary to complete construction. He contends that the court found that facts admitted by the pleadings were not true; that parol evidence of terms and conditions of a contract is not admissible where the contract has been reduced to writing; and that its terms cannot be changed or varied by parol testimony, or by extrinsic evidence.

Defendants contend that the parol testimony did not seek to change or vary the terms of the written instrument but to show a condition precedent to its going into effect, its conditional delivery, and an explanation of what the parties intended by the typed words "the date of recording this contract" in the printed form.

■ It is a fundamental rule of contract law that when the understanding of parties has been reduced to writing, all contemporaneous negotiations and intentions are deemed merged in the instrument, which should ordinarily be deemed the measure of the rights and liabilities of the parties. The execution of the instrument in writing supersedes all oral negotiations or stipulations concerning its matter preceding or accompanying such execution. (*Alameda County Title Ins. Co.* v. *Panella,* 218 Cal. 510 [24 P. (2d) 163] ; *San Francisco Milling Co.* v. *Frye & Co.,* 2 Cal. App. (2d) 563 [38 P. (2d) 165].) ■ The general rule is that oral agreements will not be permitted to change the express written provisions of a contract. However, should the taking effect of the contract, or any of its provisions, be contingent upon the happening of a future event, parol evidence may be admitted to show the cause of its nonperformance either in whole or in part. This may necessitate the admission in evidence of a preceding or contemporaneous oral agreement.

In *Gleeson* v. *Dunn,* 113 Cal. App. 347, 350-351 [298 Pac. 119], the court quoted with approval from *Burke* v. *Dulaney,* 153 U. S. 228 [14 S. Ct. 816, 38 L. Ed. 698] : " ' "The error was in applying to the case the familiar and well-established rule that parol evidence is inadmissible to contradict or vary a written contract. A written contract must be in force as a binding obligation to make it subject to this rule. *Such a contract cannot become a binding obligation until it has been delivered. Its delivery may be absolute or conditional. If the latter, then it does not become a binding obligation until the condition upon which its delivery depends has been fulfilled.*" ' " (*P. A. Smith Co.* v. *Muller,* 201 Cal. 219 [256 Pac. 411] ; *Harper* v. *French,* 29 Cal. App. (2d) 214 [84 P. (2d) 216] ; *Wolters* v. *King,* 119 Cal. 172 [51 Pac. 35] ; *Cooper* v. *Cooper,* 3 Cal. App. (2d) 154 [39 P. (2d) 820] ; Restatement of the Law, Contracts, sec. 241, p. 340; 3 Williston on Contracts, sec. 634, p. 1822; IX Wigmore on Evidence (3d ed.), sec. 2410, p. 30.)

In *Davis etc. Co.* v. *Advance etc. Wks., Inc.,* 38 Cal. App.

(2d) 270 [100 P. (2d) 1067]; *Hanrahan-Wilcox Corp.* v. *Jenison M. Co.,* 23 Cal. App. (2d) 642 [73 P. (2d) 1241], and *Big Boy D. Corp., Ltd.* v. *Etheridge,* 44 Cal. App (2d) 114 [111 P. (2d) 953], cases cited by appellant, there is nothing inconsistent with the views herein expressed. In the Davis case, upon a plea for reformation of a contract upon the basis of mutual mistake, evidence of a contemporaneous oral agreement not inconsistent with the terms of the writing was admissible since it covered a matter upon which the writing was silent. In the Hanrahan-Wilcox case the oral agreement was held to be inconsistent and contrary to the provisions of the written contract. In the Etheridge case, the contract was complete in itself without resort to extrinsic evidence.

In the present case, labor, materials, etc., were to be furnished and the construction completed "within the space of one hundred twenty working days from and after the date of recording this contract." Since the contract was never recorded—and obviously for some good reason, particularly considering the manner of the insertion of the typed words—there was no effective date of commencement or completion of the work.

The reason for the nonperformance of the contract was a material issue. If the evidence in this respect showed a condition precedent in the form of an oral contract, before the happening of which the contract, even though executed and delivered, was to have no legal life or binding effect, such evidence, under the authorities cited, is admissible. The parol evidence here is not directed toward any interference with the manifest meaning of the contract as evidenced by its wording, but was admitted for the purpose of showing that a condition precedent to the going into effect of the obligations thereof had not arisen. The indefiniteness of the provision relating to the recording of the contract indicates that the parties contemplated its recordation subsequent to that of the mortgage or deed of trust given to secure a loan by the F. H. A., so that any mechanics' liens arising from the contract would be secondary to such indebtedness.

That plaintiff knew that the performance of the contract was contingent upon the obtaining of a F. H. A. loan is demonstrated by his preparation and delivery to the bank of specifications as required by the former. The evidence is sufficient to show that plaintiff knew what financial arrangements were to be completed before the contract became effec-

tive. There was testimony by one of the defendants as follows: "Q. Now, was any discussion had as to the amount of money that would be necessary to be obtained from the F. H. A. before you could proceed with the buildings? A. Yes, sir. Q. How much? A. $8,500.00 [for each of three buildings]. Q. $8,500.00? A. Yes, sir. Q. And what did you say to Mr. Paratore about that? A. Well, I said if we could obtain $8,500.00 we were willing to go ahead with the buildings, and if we couldn't obtain that, why, we just couldn't go ahead. Q. In other words, you couldn't finance it? A. No, we did not have the money to finance it. Q. Now, what was the amount of the commitment? You learned of the commitment from the Federal Housing, didn't you? A. $7,000.00.''

The court found against plaintiff as to there being any foundation for his claim that he understood the defendants were willing to furnish any additional cash not procurable from the F. H. A.

 It appears from the record that the trial court erred in several of the findings, in that they were not supported by the evidence, or, as to matters admitted by the answer and stipulated to be true, found by the findings to be untrue. Manifest as that fact is, it is also true that the challenged findings are immaterial. Having determined that there was another agreement which operated to terminate the written contract on the non happening of the condition precedent, those findings were unnecessary to the judgment rendered. The error therefore is not prejudicial.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

A petition for a rehearing was denied August 29, 1942.