[Civ. No. 14981.   First Dist., Div. One.   May 7, 1952.]

HARRY VERNON SPADE, Appellant, v. HELEN S.
COSSETT et al., Respondents.

Moerdyke & Anderson and Stanley R. Evans for Appellant.

Crist, Stafford & Peters and Elton F. Martin for Respondents.

WOOD (Fred B.), J.—Plaintiff appeals from a judgment for the defendant in an action to recover a real estate broker's commission for obtaining a purchaser of certain real property owned by defendant and her husband in joint tenancy.

The trial court found (1) that respondent signed a written deposit receipt agreement to sell the property and to pay appellant a commission of 5 per cent of the sale price, but delivered the document to appellant, the agent of respondent, upon the express agreement that the deposit receipt agreement (a) was not to be delivered to the purchaser or at all unless respondent's husband agreed to the sale of the property and (b) was to terminate if her husband would not agree to sell the property for the price and upon the terms stated in the deposit receipt; and (2) that her husband did not at any time agree to sell.

The evidence amply supports the finding. A Mrs. George, in the employ of appellant, called on the respondent at the latter's home on Saturday, July 9, 1949, and presented copies of a deposit receipt which already bore the signature of appellant and Ralph W. Scott, the prospective purchaser, and recited that Scott had made a $3,000 deposit. Mrs. George had already given Scott a copy of the receipt. Respondent's daughter, Patricia, was present at this interview and testified that Mrs. George told respondent the Scotts wanted to buy the house, were also interested in another house, and respondent had better hurry up and sign; that respondent asked, "Well, if I do sign it, will it hold good if my husband refused to sign it?"; and Mrs. George said "No," that she would

not deliver the receipt until respondent's husband agreed to sign it, and that there would be no deal if he did not sign it. Later that day, he disapproved the deal, and respondent, according to her testimony, phoned Mrs. George, "My husband doesn't want to sign it, but I think he will." Respondent further testified: the following Monday I told Mrs. George that Mr. Cossett would not sign and she said I had phoned and it was off and she would see what Mr. Scott said; I called her on Tuesday and then on Wednesday she said she had seen Mr. Scott and delivered the deposit receipt to him and that he said so far as he was concerned it was a deal. Asked if she did not recall that "if the sale didn't go through you were to pay the real estate broker one half of the deposit?" respondent replied, "No, I didn't understand that at all."

■ This evidence was competent and relevant. It did not vary the terms of the writing. It was used to show that the writing never took effect as the embodiment of an obligation, upon the familiar principle that evidence is admissible to show that the parties never intended a writing to constitute a contract (*P. A. Smith Co.* v. *Muller*, 201 Cal. 219, 222 [256 P. 411]) or that the taking effect of the contract depended upon a condition precedent. (*Severance* v. *Knight-Counihan Co.*, 29 Cal.2d 561 [177 P.2d 4, 172 A.L.R. 1107], and *Paratore* v. *Scharetg*, 53 Cal.App.2d 710, 713 [128 P.2d 560].) ■ " ' "A written contract must be in force as a binding obligation to make it subject to this [parol evidence] rule. *Such a contract cannot become a binding obligation until it has been delivered. Its delivery may be absolute or conditional. If the latter, then it does not become a binding obligation until the condition upon which its delivery depends has been fulfilled.*" ' " (*Gleeson* v. *Dunn*, 113 Cal.App. 347, 351 [298 P. 119], quoting from *Burke* v. *Dulaney*, 153 U.S. 228 [14 S.Ct. 816, 38 L.Ed. 698].)

Appellant argues that even if not authorized to deliver the deposit receipt agreement to the prospective purchaser, nevertheless, he earned his commission. He invokes the asserted analogy of the case in which an owner makes a firm commitment to sell, the agent finds a purchaser, and then the owner refuses to convey or his title proves defective. There is no analogy. Such an argument ignores or misconceives the very condition upon which the deposit receipt here involved was to become a contract, a condition which did not occur. ■ In support of this argument, appellant construes some of the testimony and some of the remarks of oppos-

785

ing counsel as meaning that the sole defense was nondelivery to the purchaser, not nondelivery to the broker. That is not correct. Appellant sued upon a written instrument, purportedly a contract to sell to Scott and to pay a commission to appellant. Respondent denied she ever made any such an agreement. Upon the trial, her counsel said, ". . . we have denied the execution. Execution consists of two acts, one is signature, and the other is delivery. We question the delivery. That is our sole defense." Certainly, that included nonexecution and nondelivery as to the appellant, the only party to the purported agreement who in this action is asserting rights under it. The record shows the case was tried upon that theory.

The judgment appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.