Frank M. **CHICHESTER**, Trustee in Bankruptcy of Estate of S. A. Willen Company, a corporation, bankrupt, Appellant,

v.

**UNION BANK & TRUST CO. OF LOS ANGELES**, Appellee.

No. 15038.

United States Court of Appeals
Ninth Circuit.

Jan. 15, 1957.

Rehearing Denied Feb. 25, 1957.

Brooks & Hoffenberg, Gabriel Hoffenberg and Robert N. Richland, Beverly Hills, Cal., for appellant.

Alfred I. Rothman, Los Angeles, Cal., (Loeb & Loeb, Los Angeles, Cal., of counsel), for appellee.

Before ORR, FEE, and CHAMBERS, Circuit Judges.

PER CURIAM.

In this case the Referee in Bankruptcy held that a chattel mortgage held by the Union Bank and Trust Company of Los Angeles as against the Trustee in Bank-

ruptcy upon certain personal property of the bankrupt estate was void and of no effect. The District Court reversed the order of the Referee. Judge Ben Harrison filed an opinion setting forth his reasons for his decision as follows:

"It appears from the record that on February 4, 1953, the mortgagor executed the instruments and manually delivered them to the bank in an escrow agreement with the Union Bank and Trust Company of Los Angeles, the intention of the parties being that the money involved should not be paid to the bankrupt until February 20, 1953, at which time the transaction was to be completed, the escrow closed and the money passed. The mortgage was then to take full force and effect. It was recorded on the same date, February 20, 1953. It was stipulated that certain creditors existed prior to the recording and were also creditors at the date of the bankruptcy.

The Referee held that the escrow itself was void because it was made to one of the parties of the transaction and not to a stranger, and that since it was void, the actual delivery of the mortgage took place on February 4, 1953, with the mortgage taking effect at that time. He also held the mortgage was a grant within the meaning of Section 1056 of the Civil Code of California, and the delivery of a grant to the grantee is necessarily absolute and cannot be conditional. Sixteen days thereafter was too long a time to withhold the chattel mortgage from recordation.

This court feels it is not necessary in this case to pass upon the question of the validity of the escrow. The act of the parties clearly indicates that the mortgage was accepted conditionally.

■■■■ The Referee assumed the mortgage was a grant. I do not believe this is correct. A grant indicates a transfer or conveyance of title, while a chattel mortgage is a contract, whereby certain chattels are hypothecated as security for a debt, without change of possession or title. Ca.C.C. 2920, West's Annotated Code; Stewart v. Powers, 1893, 98 Cal. 514, 33 P. 486; 10 Cal.Jur.2d 329, § 43 and cases cited in Note 11. A contract can always be delivered conditionally. Spade v. Cossett, 1952, 110 Cal.App.2d 782, 243 P.2d 799.

■■■■ The evidence shows clearly that the delivery to the bank on February 4, 1953, was conditional in that the money was not to be turned over and the transaction completed until February 20, 1953. This intention is shown by the fact that there was recorded a notice of intention to execute and deliver this mortgage on February 20, 1953, when the consideration was to be paid. This notice was recorded in compliance with Section 3440.1 of the California Civil Code.

It must be remembered that a chattel mortgage is merely security for a debt and if there is no debt there is no mortgage. In this case the mortgage did not come into existence until February 20, 1953, when the bank paid over the money and at that time the mortgage became a lien. Western Loan & Bldg. Co. v. Scheib, 218 Cal. 386, 23 P.2d 745; West's C.C. of Cal. & Annotations. (§ 2920) (Supplied).

The trustee urges that the mortgagor was a manufacturer and not a merchant but the Referee found that the mortgagor was not only a manufacturer but a jobber. A jobber has been recognized as a wholesaler. Vol. 23, Words & Phrases, Jobber, page 38. But whether the mortgagor comes within the purview of Section 3440.1 is immaterial inasmuch as the chattel mortgage was delivered conditionally and did not become effective until the consideration had passed on February 20, 1953, the day of the recordation. It cannot successfully be contended that the chattel mortgage was not recorded promptly."

We are persuaded that the District Court reached the correct conclusion and that the reasoning employed by it in its opinion is sound. We therefore affirm the judgment.

Judgment affirmed.