[Civ. No. 19582.   First Dist., Div. Two.   Aug. 18, 1961.]

JOSEPH L. MURPHEY et al., Appellants, v. EMILIE F. SMITH et al., Respondents.

Burt S. Hofmann for Appellants.

Emanuel P. Razeto for Respondents.

SHOEMAKER, J.—This is an appeal from a judgment denying specific performance of an alleged contract to convey real property.

Emilie Smith, Emma Johnson and Lucille Morgan were sisters.  Catherine McCauley, Lucy Hogan and Grace Sartor were their nieces.  Each was the owner of an undivided interest in an eleven acre piece of property in Livermore, California.  The property came to these persons from the estate of the deceased sister and aunt, Adele Colldeweih.  Emilie Smith managed the property on behalf of all the owners and on being approached by real estate brokers concerning a possible sale of the property, she gave them permission to put ''for sale'' signs on it, advising the brokers at the time that

there were six coowners of the parcel and that all of them would have to consent to any sale.

On January 22, 1959, Joseph L. Murphey and his wife, Ethel, called upon Emilie Smith and Emma Johnson at their home.  Lucille Morgan, the third sister, was also present. The Murpheys had seen the "for sale" signs and looked up Emilie's address and by phone made the appointment.  As a result of this and a subsequent meeting, the Murpheys wound up with a deposit receipt with respect to the sale of the property, signed by Emilie and Emma, which they contend is a binding written contract for the sale of the entire property, and if not that, at least as to the interests of the signers, which has been fully performed on their part.  Except for the admitted signing of the deposit receipt, the testimony of the parties is in decided conflict.  Emilie Smith and Emma Johnson and their witnesses testified that prior to and at the time of the execution of the writing, they informed plaintiffs that there were six owners in all of the property, and that it would be necessary for them to get the consent of all six, otherwise there could be no sale.  The plaintiffs were unable to obtain the consent of any other owners to the sale as proposed and upon the refusal of Emilie Smith and Emma Johnson to do anything, brought this action for specific performance, for abatement or damages.

The trial court believed the defendants and their witnesses and held there was no contract, finding that the condition precedent thereto, namely, the assent of all the owners to agree to the sale, had not been fulfilled.

Appellants contend that this finding is based upon parol evidence, admitted by the trial court over their timely objection, and that such admission was error, as it varied the terms of a complete written agreement.  There is no merit in this contention.

The evidence offered by respondents was properly considered by the court under a well established exception to the parol evidence rule.  The rationale behind this exception was aptly expressed in *Paratore* v. *Scharetg* (1942), 53 Cal.App. 2d 710 [128 P.2d 560], where the trial court found that a written contract to construct a building was subject to an oral agreement that the contract would be effective only if the owner could obtain a sufficient loan.  In holding that evidence of the contemporaneous oral agreement was properly admitted, the court stated:

". . . If the evidence in this respect showed a condition

precedent in the form of an oral contract, before the happening of which the contract, even though executed and delivered, was to have no legal life or binding effect, such evidence, under the authorities cited, is admissible. The parol evidence here is not directed toward any interference with the manifest meaning of the contract as evidenced by its wording, but was admitted for the purpose of showing that a condition precedent to the going into effect of the obligations thereof had not arisen. . . ." (P. 714.) A similar result was reached in *Unger* v. *Hall* (1943), 61 Cal.App.2d 535 [143 P.2d 497], and *Spade* v. *Cossett* (1952), 110 Cal.App.2d 782 [243 P.2d 799].

Since the trial court properly found that there was never a valid contract of sale between the parties, it becomes unnecessary to consider the questions of whether such a contract should have been specifically enforced, or whether appellants should have been awarded damages in lieu of specific performance.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.