[Civ. No. 20133. First Dist., Div. Three. Aug. 17, 1962.]

L. K. SWENTZEL, Plaintiff and Respondent, v. HORWIN-SKI COMPANY et al., Defendants and Appellants.

H. Raymond Hall for Defendants and Appellants.

Bernard Allard and Thomas Schneider for Plaintiff and Respondent.

DEVINE, J.—Plaintiff, respondent, was awarded a judgment of $5,500 as real estate broker's commission for obtaining a ready, able and willing buyer of a building, the judgment running against Horwinski Company, a corporation, and Edmund Horwinski. Both defendants appeal. Judgment against Edmund Horwinski evidently was made inadvertently,

because the findings and conclusions of law specifically exclude personal liability of defendant Horwinski, and it has been stipulated by respondent that judgment against Edmund Horwinski be reversed.

## Facts

Horwinski Company was desirous of selling the building, and this was known to plaintiff, who had a client, Mr. Steidtmann, who was interested in buying it. Negotiations went on for about six months between plaintiff, representing the prospective buyer, and Mr. Horwinski, representing the corporation.

During the initial conversation between plaintiff and Horwinski, Horwinski told plaintiff that he would need consent of the stockholders before any agreement could be made, and on one occasion when a written offer that had been made by Steidtmann was presented by plaintiff, Horwinski told plaintiff that the offer would have to be approved by the board of directors of the corporation. Thereafter, Horwinski made a counteroffer on behalf of the corporation, which had been approved by the stockholders. This proposal and two others made by Steidtmann failed of acceptance.

On November 28, 1958, an offer in the form of a deposit receipt was made by Steidtmann, which was met by a counteroffer signed "Horwinski Co., Edmund Horwinski, President." In it was the sentence, "This counter-offer is being made subject to acceptance within ten (10) days by the Purchaser." The deposit receipt contains an agreement by the seller to pay the commission of $5,500. The counteroffer was sent to Steidtmann, who signed as buyer within 10 days, and plaintiff's action is based on this transaction.

Plaintiff testified in his case in chief that Horwinski said nothing whatever at the time of their January meeting about the necessity for getting ratification or authorization for the deal.

The following testimony was given subject to motion to strike: Horwinski testified that at the time of signing the counteroffer he had said to plaintiff that he would sign the instrument but that plaintiff was to understand that final acceptance or ratification by the directors or by the shareholders (both terms, "board" and "shareholders," were used by Horwinski in his testimony) would be necessary, and that plaintiff had said that he understood this was required. Horwinski further testified that plaintiff asked him to sign the

instrument, stating that it would then be simpler to get Mr. Steidtmann's acceptance. Horwinski's secretary, Mrs. Lindsey, testified that Horwinski told plaintiff that he wanted it understood that he was signing subject to the approval of the shareholders or the board of directors of the corporation (she, too, used both terms), that plaintiff nodded his head to him in an understanding way, that Horwinski told plaintiff he wanted to be sure it was understood and plaintiff said, "Oh, it is just a matter of form." Plaintiff moved to strike this evidence on the ground that it violated the parol evidence rule, and the motion was granted.

Horwinski submitted the matter to the board of directors at their next meeting, which was on February 18, 1959. They rejected the proposal and instructed Horwinski to notify plaintiff. (Although the corporation bears Mr. Horwinski's name, no contention of *alter ego* was made during the trial.)

### Contentions of Parties on Appeal

Appellant corporation contends that there was prejudicial error in striking the testimony because that testimony related to a condition precedent to the making of the contract and did not purport to alter the terms of a written contract. Respondent contends (1) that it was not error to strike the testimony because actually it violated the parol evidence rule; (2) that if it was error to strike the testimony, the error was not prejudicial because (a) it was merely cumulative and (b) the court did consider the stricken testimony, at least as rebuttal; (3) that defendant was estopped from proving a condition precedent to the contract's becoming effective.

1. *Was It Error to Strike the Testimony of Witnesses Horwinski and Lindsey?*

This must be answered affirmatively. ■■■ Testimony which shows a condition precedent in the form of an oral contract, before the happening of which the contract, even though executed and delivered, is to have no legal life or binding effect, where the written document does not include express provisions inconsistent with the condition, does not violate the parol evidence rule because it is not directed toward modifying an existing contract but toward showing that no contract actually was made. (*Severance* v. *Knight-Counihan Co.*, 29 Cal.2d 561, 563 [177 P.2d 4, 172 A.L.R. 1107]; *Murphy* v. *Smith*, 194 Cal.App.2d 857, 858-859 [15 Cal.Rptr. 285]; *Paratore* v. *Scharetg*, 53 Cal.App.2d 710, 713 [128 P.2d 560]; *Unger* v. *Hall*, 61 Cal.App.2d 535 [143 P.2d

497]; *Spade* v. *Cossett*, 110 Cal.App.2d 782 [243 P.2d 799]; *Doria* v. *International Union, Allied Indust. Workers*, 196 Cal.App.2d 22, 39-40 [16 Cal.Rptr. 429].)

The document in this case does not contain language expressly inconsistent with the condition contended to have been orally agreed upon, that the transaction be submitted to the board of directors. The fact that acceptance within 10 days by the purchaser was required does not expressly conflict with the oral reservation that is claimed to have been made. Although actually the board of directors did not meet and reject the proposed transaction until some 30 days later, this fact would not invalidate the oral reservation, because it would have been possible that the board would have acted within the 10 days; and, anyway, the requirement of the purchaser's acceptance within a specified time would not be expressly inconsistent with an oral reservation by the seller, requiring authorization or ratification, without any particular time limit therefor. There is nothing in the writing which states that it contains all of the terms of the contract. The case differs from that cited by respondent, *Hanrahan-Wilcox Corp.* v. *Jenison Machinery Co.*, 23 Cal.App.2d 642 [73 P.2d 1241], because in that case the party (plaintiff) contending for admissibility of oral evidence that the writing should not become binding until the happening of a future event, namely, satisfaction with the performance of a grader at the end of 90 days, had agreed expressly in the writing to pay rent beginning on the day of shipment of the grader to him, and therefore the oral testimony would have changed a date in the contract itself; but in the present case, the testimony would have negatived any binding effect of the writing. The *Hanrahan-Wilcox* case was distinguished in a similar way in *Fontana* v. *Upp*, 128 Cal.App.2d 205, 208 [275 P.2d 164].

2. *Was the Error in Striking the Testimony Prejudicial?*

 Here, again, the answer must be in the affirmative. That the testimony went to an essential point of the case cannot be doubted, because if believed by the court it would show that plaintiff understood that no contract actually was made, despite the signing and delivery of the document. If the conversation contained what the defense witnesses say it did, it would destroy plaintiff's proposition of ostensible authority of Horwinski to act for the corporation. Plaintiff argues, however, that the evidence was merely cumulative because, as stated above, Horwinski had testified, without objection, that

at one time he had told plaintiff that "any agreement or contract would be required to be approved by the shareholders, all of the shareholders." This, however, occurred at the first conversation between Swentzel and Horwinski, about six months before the transaction in question, and plaintiff, too, testified to this. Between that conversation and the one in question, there had been an offer which had been approved by the shareholders but which had never been accepted by the prospective buyer. The particular reservation which appellant desired to present by the oral testimony related specifically to the later transaction, upon which the judgment was rendered. The evidence was not merely cumulative, it was of first magnitude in the case.

Respondent suggests that because the evidence actually was heard, appellant cannot "complain realistically." It would be a reflection on judicial capacity to think that a judge who habitually instructs juries to treat stricken matter as though they had never known of it would himself consider the stricken testimony, weigh it against contradictory testimony, and conclude that the stricken testimony was untrue.

It is further argued by respondent that the court must have considered Horwinski's testimony even though it was stricken, because the judge recited in his memorandum opinion that Horwinski had testified to the oral reservation and that plaintiff had denied this testimony. This, however, refers to a conversation of an earlier date, or is simply a recital of the stricken testimony, because in the same paragraph of the opinion the court clearly recites that "The defendant offered to produce testimony that the counter-offer of January 19 was conditioned upon its acceptance by the shareholders and an objection was made on the ground that any testimony of this character would violate the parol evidence rule in that it would change the terms of the agreement. A motion to strike such evidence was made and taken under submission." Thus, the testimony essential to defendant's contention of the condition precedent, the obtaining of authority, was stricken.

### 3. The Matter of Estoppel.

Estoppel is not mentioned in the findings of fact and conclusions of law, but even assuming that a finding "that plaintiff, Swentzel, could rely on the said counter-offer of January 19, 1959" refers, in the light of remarks by the judge, to estoppel, plaintiff's position here, too, is untenable because of the striking of the testimony. If the court had admitted the testimony of Horwinski's admonition to plaintiff of the need

for Horwinski's obtaining authorization, and had believed it, it would have been difficult or impossible for the court to have found an estoppel of the corporation. Without the court's determination on this factual issue, we cannot sustain the judgment on the ground of estoppel.

Other points made by appellant need not be discussed.

Judgment against Horwinski Company, a corporation, and Edmund Horwinski reversed.

Draper, P. J., and Salsman, J., concurred.