[Civ. No. 23359.    First Dist., Div. Two.    Feb. 14, 1967.]

CLYDE BUILDING ASSOCIATION, INC., Plaintiff and Appellant, v. JOHN D. WALSH, Defendant and Respondent.

514

Wallace, Garrison, Pascoe, Norton & Ray and Maynard Garrison, Jr., for Plaintiff and Appellant.

Nicholas Zoller for Defendant and Respondent.

AGEE, J.—Plaintiff-contractor appeals from a judgment in favor of defendant in an action for damages for breach of a contract under which plaintiff agreed to build a fourplex on defendant's property. Defendant subsequently refused to proceed with the contract on the ground that an adequate construction loan could not be obtained and that this was a condition precedent to the effectiveness of the contract.

On April 1, 1963 defendant accepted plaintiff's bid of $67,252.73. On May 8, 1963 defendant advised plaintiff by letter of the difficulties he was having in obtaining the loan and that with "so many refusals by lenders" he was doubtful of the project. He stated, however, that Citizens Federal Savings and Loan Association (hereafter "Citizens") would "come up with" a loan of $68,600.

Defendant thereafter decided to accept Citizens' loan commitment, which called for 6½ percent interest and 2 points.[1] As *plaintiff* states in its brief, "With the financing commitment in hand and pursuant to the requirements of *Citizens*, a formal written contract [between plaintiff and defendant] . . . was executed on June 21, 1963, . . ." (Italics ours.).

The contract did not mention Citizens by name, providing only that "Payments to be made by a recognized lending institution . . . for dispursal [*sic*] against construction and labor costs." However, *three days later,* in a letter to defendant proposing a modification of the contract, plaintiff states: "It is further understood that this service will be acceptable *to your lender,* Citizens Federal Savings and Loan." (Italics added.)

▉ It is completely clear from the record that at the time of the execution of the contract plaintiff knew that the "recognized lending institution" was Citizens and that, because of inability to obtain the loan elsewhere, the effectiveness of the contract was dependent upon *Citizens* making the loan.

---

[1] A "point" equals one percent of the principal amount of the loan.

On July 9, 1963 Citizens determined not to make the loan because of soil conditions on the subject property. On July 12, 1963 plaintiff wrote to Citizens protesting this decision and asking for a reconsideration. However, on July 16, 1963 Citizens gave formal notice that its loan committee would not approve the loan.

The trial court made the following finding of fact: "That it was agreed between plaintiff and defendant that the taking effect of the agreements[2] were contingent upon defendant John D. Walsh obtaining financing from Citizens Federal Savings and Loan Assn. to complete the transaction, which financing was not obtained and was without fault on defendant John D. Walsh's part."

This finding is supported by substantial evidence. This evidence shows that at the time of the execution of the contract there was no other lending institution that the parties knew of that would make a construction loan on the terms offered by Citizens. The testimony of defendant, that the contingency agreement between the parties specified Citizens as the lending institution, is therefore quite logical.

Nevertheless, after Citizens' refusal, both parties attempted without success to obtain a comparable loan elsewhere. The only commitment obtained was from Paramount Properties Company in the amount of $67,500 at 7½ percent interest and 5½ points, with payments of $600 per month. Such a loan is obviously not comparable to the expected Citizens' loan and defendant refused it.

On August 28, 1963 defendant wrote to plaintiff and told him of another "turn down" by a specified lender and stated that it would be a waste of time "to proceed any further to negotiate a loan." Plaintiff thereupon filed this action.

In this case the admission of parol evidence to prove the contemporaneous oral agreement discussed above was proper. "Even where the contract is complete and signed, it may be shown that the parties orally agreed that it should not become binding until the happening of some event." (1 Witkin, Summary of Cal. Law (1960) "Contracts" § 41, p. 49; *Haines* v. *Bechdolt,* 231 Cal.App.2d 659, 661 [42 Cal.Rptr. 53].)

In *Paratore* v. *Scharetg,* 53 Cal.App.2d 710 [128 P.2d 560], a contractor sued for breach of a building contract and the defendant-owner alleged an oral agreement that the effective-

---

[2]The use of the plural is apparently due to the modification of June 24, 1963.

ness of the contract was to be contingent on his obtaining an F.H.A. loan for a minimum of $25,200. Only $21,000 was approved and defendant refused to proceed with construction.

The court held: "The general rule is that oral agreements will not be permitted to change the express written provisions of a contract. However, should the taking effect of the contract, or any of its provisions, be contingent upon the happening of a future event, parol evidence may be admitted to show the cause of its nonperformance either in whole or in part. This may necessitate the admission in evidence of a preceding or contemporaneous oral agreement." (53 Cal.App. 2d at 713; see *Severance* v. *Knight-Counihan Co.* (1947) 29 Cal.2d 561 [177 P.2d 4, 172 A.L.R. 1107]; *Murphey* v. *Smith* (1961) 194 Cal.App.2d 857 [15 Cal.Rptr. 285]; *Fontana* v. *Upp* (1954) 128 Cal.App.2d 205 [275 P.2d 164]; *Spade* v. *Cossett* (1952) 110 Cal.App.2d 782 [243 P.2d 799].)

Plaintiff correctly states that the parol evidence offered cannot be inconsistent with the express terms of the written contract. (*Haines* v. *Bechdolt, supra,* 231 Cal.App.2d 659, 661.) Plaintiff then argues that "a recognized lending institution," as provided in the contract, can only mean *any* such institution and that to limit the oral condition precedent to *one* institution (Citizens) is inconsistent with the written contract.

However, the written modification of the contract set forth in plaintiff's letter of June 24, 1963, wherein a change was made in the disbursing agent for the construction funds, states: "It is further understood that this service will be acceptable to your lender, Citizens Federal Savings and Loan."

Thus, the written contract as *modified* by plaintiff's letter indicates a *specific*, rather than a general, designation of the "recognized lending institution." Even if this merely created an uncertainty, parol evidence is admissible to aid interpretation. (*Wechsler* v. *Capitol Trailer Sales, Inc.*, 220 Cal.App.2d 252, 264 [33 Cal.Rptr. 680].)

Furthermore, as we have seen, Citizens was the only lending institution out of the many contacted that would make the kind of loan upon which the contract of June 21, 1963 was based.

Judgment affirmed.

Shoemaker, P. J., and Taylor, J., concurred.